UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN A. BAKER,

Plaintiff,

v. Case No. 2:26-CV-2404-KCD-KRH

CAPE CORAL POLICE DEPARTMENT, et al.,

Defendants.
_______________________________/

# ORDER

Plaintiff Brian A. Baker, a pre-trial detainee at the Lee County Jail, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Baker seeks to proceed *in forma pauperis* (Doc. 2), and his complaint is before the Court for initial screening. For the following reasons, this case is dismissed without leave to amend.

## I. Complaint

Baker alleges the following facts, which the Court accepts as true at this stage: Baker is disabled from (unrelated) physical trauma, "rendering the left side of his body practically unusable." (Doc. 1 at 4.) On May 13, 2026, he lived with four roommates. (*Id.*) The defendants responded to reports of an altercation between Baker and his roommates. (*Id.*) Baker "armed himself with a small lamp in order to defend himself against 4 able bodied adult males who

were actively engaged in physically attacking [him].” (*Id.* at 4-5.) The lamp was never use as a weapon but was “simply a threat of physical force to stop the attack.” (*Id.* at 5.) Baker “clearly possessed physical injuries from the attack, [but] no other resident was physically assaulted.” (*Id.* at 4.) Despite “obvious physical signs of violence” and conflicting witness statements, the defendants arrested Baker and charged him with two felonies. (*Id.* at 5.) Nobody else was charged. (*Id.*) Baker was taken to the hospital for treatment. (*Id.*) He remains in custody where he is receiving inadequate medical care for his unrelated disability. (*Id.*)

Baker names as defendants the Cape Coral Police Department, Officer Christian Almendarez, Javier Leiva, Dylan Shippy, and Austin Hall. (*Id.* at 1.)[1] Baker alleges that “the Cape Coral Police Department and the above-named co-defendants have deprived him of 4th, 5th, and 8th amendment rights under the color of law by arresting him without sufficient probable cause, failed to take acceptable measures, as required by state law, to protect him as a domestic violence victim and a disabled victim of domestic battery.” (Doc. 1 at 5.) He also asserts that he “was further victimized by the defendants by

[1] The Court assumes that Javier Leiva, Dylan Shippy, and Austin Hall are police officers. Other than writing their names in the styling on the first page, Baker does not mention them in his complaint.

depriving him of life and liberty." (*Id.*) He seeks compensatory and punitive damages. (*Id.* at 6.)

## II. Legal Standard

A prisoner who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is largely governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, unlike Rule 12(b)(6), § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (explaining that § 1915(e)(2) requires preliminary review "largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because

of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11").

Rule 8, in turn, requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "naked assertions devoid of 'further factual enhancement." *Iqbal*, 556 U.S. at 678.[2] Instead, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

Baker generally claims that he was arrested "without sufficient probable cause." (Doc. 1 at 5.) But his conclusory false arrest claim is devoid of context and does not state a claim against any defendant. As noted, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

set of circumstances." Complaints that violate these rules—in letter or spirit—are often called "shotgun pleadings." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that are "not obviously connected to any particular cause of action" or that assert multiple claims against multiple defendants without specifying which defendant is responsible for any specific act. *Id.* at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Baker's omission of specific facts to support his false arrest claim and his failure to tether actions to individual defendants violate Rules 8(a)(2) and 10. The fact section of his complaint does not even mention the defendants by name, leaving them with no notice of the allegations against them.[3] And although we must liberally construe a *pro se* complaint, neither the Court nor the defendants are required to read between the lines to create an actionable complaint on a plaintiff's behalf. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel

[3] Moreover, the Cape Coral Police Department is not amenable to suit under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]").

for a party … or to rewrite an otherwise deficient pleading in order to sustain an action[.]”).

While the Court generally allows *pro se* plaintiffs a chance to amend a shotgun pleading, the claims forming the gravamen of Baker's complaint—challenges to his arrest and ongoing state criminal prosecution—are not suitable to amendment. Thus, as explained below, the dismissal is without leave to amend.

**A. The Court will not interfere in Baker's state prosecution.**

Baker has been charged with two counts of aggravated assault with a deadly weapon in case numbers 26-015657CF and 26-015658CF from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County.[4] (*See* State Docket at 5.) A case management conference was held on September 9, 2026. (State Docket at 21.)

In *Younger v. Harris*, the Supreme Court held that federal courts should not interfere with ongoing state criminal proceedings unless doing so is necessary to prevent great and immediate irreparable injury. 401 U.S. 37, 53–54 (1971). The *Younger* doctrine “applies most often in cases involving pending state criminal prosecutions.” *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243,

[4] See https://matrix.leeclerk.org/Case/ViewCase (website Lee County Clerk of Court) (Search: Baker, Brian). Docket entries on Baker's pending state criminal trial will be cited as “State Docket at ____.”

1250 (11th Cir. 2009). In those types of cases, *Younger* calls for federal courts to abstain when: (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Baker "must satisfy the *Younger* abstention hurdles" before this Court can grant relief. *Kolske v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

Baker does not clear those hurdles. First, he faces felony charges in state court for events at issue in this complaint. And Florida has a significant interest in prosecuting the crimes that occur within its borders. *See Patterson v. New York*, 432 U.S. 197, 201 (1977) ("It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government[.]"). Further, at his criminal trial, Baker may argue (as he does here) that the victims are untruthful or that the state's evidence is insufficient. Finally, Baker does not allege that the state prosecuting officials brought the criminal charges in bad faith or that prosecution under Florida's criminal assault statute would result in irreparable injury. To the contrary, he argues that his roommates were acting in bad faith when they lied about his

culpability. *See Younger*, 401 U.S at 48, 53–54 (explaining that bad faith prosecutions are brought with no intention of securing a conviction or with the intention to harass, and irreparable injury exists if the statutes under which the plaintiff is being prosecuted are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it"). The Court therefore abstains from considering Baker's § 1983 claims.

*Younger* claims for monetary damages are generally not dismissed. Instead, they are stayed until the conclusion of state court proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015). It is axiomatic, however, that the claims must be worth staying, which these are not. Simply put, Baker has not stated a claim upon which § 1983 relief may be granted.

**B. Baker has not stated a claim for false arrest.**

The Court liberally construes the complaint as alleging that the four defendant police officers arrested Baker for two counts of aggravated assault with a deadly weapon even though there was no probable cause to do so. And it is "well established that arrests without probable cause violate the Fourth Amendment." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1258 (11th Cir. 2010). However, a lack of actual probable cause, standing alone, is insufficient

to establish a cognizable § 1983 claim for false arrest. This is so because to be entitled to qualified immunity (and dismissal of the claims against him), "an officer need not have actual probable cause, but only arguable probable cause" for the arrest. *See Grider*, 618 F.3d at 1257. And "[a]rguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Id*. In other words, if any of the defendant law enforcement officers received information alleging that Baker had committed aggravated assault, they could have reasonably (even if mistakenly) believed they were entitled to arrest him, and they would not be liable for false arrest.

Here, Baker's booking report, signed (and presumably written) by Defendant Almendarez, summarized statements from the victims who accused Baker of charging at one of his roommates with a broken shard of a lamp and threatening another with a knife. (*See* State Docket at 4.) Defendant Almendarez wrote that "[b]ased on the written statements [of the victims], as well as finding the knife and lamp in a seemingly hidden manner, I have probable cause to arrest [Baker] for violating F.S.S. 784.021(1)(a) Aggravated Assault with a Deadly Weapon." (*Id.*)

Baker does not allege that his roommates did not accuse him of aggravated assault or that they did not say what was reported in the booking report. Instead, he generally alleges that his roommates lied to the police about

the assaults (which he claims were merely acts of self-defense) and suggests that the defendants should not have believed their statements. But "it is entirely reasonable for an officer to rely on the statements of the purported victims when determining whether he has probable cause to arrest." *Paulk v. Benson*, No. 22-11635, 2023 WL 5624537, at *4 (11th Cir. 2023); *see also Huebner v. Bradshaw*, 935 F.3d 1183, 1188 (11th Cir. 2019) (explaining that an arresting officer is not "required to sift through conflicting evidence or resolve issues of credibility" before making an arrest). Thus, Baker's complaint does not allege sufficient facts to describe how or why law enforcement lacked probable cause to arrest him, and it likewise does not allege facts sufficient to meet the higher standard of "arguable" probable cause. Accordingly, Baker has not stated a claim for false arrest, and staying this case until the conclusion of Baker's criminal trial would be futile.

## IV. Conclusion

The Court abstains under *Younger v. Harris* from considering Baker's § 1983 claims. Alternatively, Baker's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that a more carefully drafted complaint could not overcome the deficiencies of this action to state a federal claim. Therefore, the dismissal is without leave to amend. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (explaining that a district court need not grant leave to amend if a more

carefully drafted complaint could not state a claim and would be, therefore, futile).[5]

Accordingly, it is **ORDERED**:

1. The Court abstains from considering the allegations in this complaint. Alternatively, Baker's claims are **DISMISSED** for failure to state a claim on which relief may be granted. This case is therefore **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.
3. The Clerk is also **DIRECTED** to correct the spelling of Plaintiff's first name in CM/ECF.

**ENTERED** in Fort Myers, Florida, on September 10, 2026.

Kyle C. Dudek
United States District Judge

[5] To the extent he seeks to raise claims based upon violations of state law or stemming from inadequate medical care, the dismissal is without prejudice to Baker filing separate complaints addressing those claims.